IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FAIR HOUSING OPPORTUNITIES OF
NORTHWEST OHIO, INC., dba et al.,

                Plaintiff,        Case No. 3:06 CV 1329

-vs-

                              <u>MEMORANDUM   OPINION</u>

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

                Defendant.

KATZ, J.

       This matter is before the Court pursuant to the February 6, 2008 Report and Recommendation ("R&R") of United States Magistrate Judge Vernelis K. Armstrong (Doc. 88). The R&R recommends that this Court grant the defendant's motion for judgment on the pleadings. Plaintiff Eric Hawthorne filed an objection to the R&R (Doc. 92), to which Defendant American Family Mutual Insurance Company ("AFMIC") filed a response (Doc. 96). Plaintiff also filed a reply (Doc. 103).

**I.    Background**

       On June 11, 2004, Plaintiff Hawthorne filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD"). Plaintiff's complaint stemmed from what he and others believed to be discriminatory practices engaged in by Defendant AFMIC, through its subsidiary American Family Insurance Company ("AFIC"), in issuing insurance coverage for property purchased in Toledo, Lucas Country, Ohio.

       HUD referred Plaintiff's complaint to the appropriate state agency, the Ohio Civil Rights Commission ("OCRC"), on June 24, 2004, which on May 6, 2005 found probable cause that AFIC had engaged in discriminatory practices. On December 15, 2005, OCRC authorized the Ohio

Attorney General to commence a civil suit in the Lucas County Court of Common Pleas. At that stage, Hawthorne was not a named plaintiff in the litigation, as the court found that the OCRC, despite AFIC's objection, had jurisdiction over Hawthorne's complaint pursuant to state law, which allowed a charge to be filed with HUD and then sent to OCRC for investigation. Ohio Admin. Code § 4112:3-01(D)(3) (2008).

Defendants AFIC, its agents Newton, Guadarrama, Urrutia and Bias, moved for summary judgment in January 2007. The Court of Common Pleas rejected Defendants' first argument that OCRC lacked proper jurisdiction over Hawthorne's claims. However, Defendants' second argument for summary judgment, that Plaintiff's claim was barred by a one-year window to file alleged discriminatory practices, was accepted by the court. Ohio Rev. Code Ann. § 4112.02(H). The court rejected Plaintiff's contention that the violation in his complaint was continuing, and thus timely filed.

In similar complaints to that of Hawthorne, Plaintiff Toledo Fair Housing Center ("TFHC"), a non-profit corporation organized under the laws of the State of Ohio, and operated by the Fair Housing Opportunities of Northwest Ohio, Inc. ("FHONO"), filed, along with Eva White, an initial plaintiff, complaints with HUD in April and May, 2005, that AFIC had engaged in discriminatory practices. In December 2005 and January 2006, the OCRC determined that it was probable AFIC had engaged in the alleged discrimination.

Together, Plaintiffs Hawthorne, White, and TFHC filed a complaint in federal court alleging discrimination based on race, violations of the Fair Housing Act ("FHA"), and infringement of Plaintiffs' right to contract, purchase, and hold contracts of insurance.

**II.	Standard of Review**

Any party may object to a magistrate judge's proposed findings, recommendations, or report made pursuant to Fed. R. Civ. P. 72(b). The district judge to whom the case was assigned may review a report or specified proposed findings or recommendations of the magistrate judge, to which proper objection is made, and may accept, reject or modify in whole or in part the findings or recommendations of the magistrate judge. Fed. R. Civ. P. 72.3(b). This Court has reviewed the findings of the Magistrate Judge *de novo*. *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

## III. Discussion

The R&R determined that the legal principles of *res judicata* preclude Plaintiff Hawthorne from pursuing his private claim after the state court judgment was issued. In the alternative, the R&R also found that Plaintiff Hawthorne's rental property was not entitled to the protections of the FHA. This Court hereby adopts the R&R on the basis of *res judicata*, but makes no judgment on the alternative FHA issue.

### A. Res judicata

The Magistrate Judge, in recommending Defendants' motion be granted, made two key findings regarding Plaintiff Hawthorne's role in the Court of Common Pleas action: (1) that Hawthorne was a non-party to the Ohio action; and (2) Hawthorne's interest was adequately or virtually represented by the OCRC therein. The Magistrate Judge's latter finding was primarily based on "[t]he critical document . . . [indicating that] Plaintiff Hawthorne's contract with OCRC to resolve his insurance discrimination issues [represented] . . . an implied legal relationship between [the parties] that they would share in the recovery." Doc. 88 at 10. This agreement, the Magistrate Judge found, evidenced a shared interest in resolving a common issue, which illustrates that

3

"Plaintiff Hawthorne was adequately represented in the state court action[, and] accordingly, he was in privity with OCRC." *Id.*

In the analysis of Plaintiff Hawthorne's role in the state court case, the Magistrate Judge properly applied federal concepts of *res judicata* as applied by the Sixth Circuit, which bars a subsequent action "if the following elements are present: (A) a final decision on the merits by a court of competent jurisdiction; (B) a subsequent action between the same parties or their 'privies'; (C) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (D) an identity of the causes of action." *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith,* 193 F.3d 415, 422 (6th Cir. 1999) (citing *Bittinger v. Tecumseh Prods.*, 123 F.3d 877, 880 (6th Cir. 1997)).

The Magistrate Judge found, with respect to a decision by a court of competent jurisdiction, that the state trial court, pursuant to the state's constitution granting it proper subject matter jurisdiction, had the power to determine the merits of the suit. Doc. 88, at 8 (citing *U.S. v. Morton*, 467 U.S. 822, 828 (1984)). This Court concurs in the findings of the Magistrate Judge in this regard.

Where the parties disagree, however, and the Magistrate Judge properly concluded in favor of Defendants, is that for the purposes of the federal suit alleging discrimination, Plaintiff Hawthorne and OCRC were the same party, or of privity to one another, with respect to the state court decision.[1] Relying on Sixth Circuit precedent, the Magistrate Judge identified three categories

---

[1] Ohio law on the issue may also apply. *See Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). The Ohio and federal tests for res judicata are virtually identical. The Ohio test for privity, however, is broader. "For purposes of res judicata, a person is in privity with another if he is so identified in interest with such person that he represents the same legal right." *Deaton v. Burney*,
(continued...)

4

of litigants who are bound by prior judgments under the concept of privity, despite that fact that they were not named parties from which the judgment originated. Those bound, and as a result precluded from relitigating the same issue, are: (1) those who are successors in interest to a party; (2) a non-party who controlled the original suit; and (3) a non-party who is adequately represented by a party from the previous suit. *Id*. (citing *Becherer III v. Merrill Lynch, Pierce, Fenner & Smith*, 43 F.3d 1054, 1070 (6th Cir. 1995) *cert. denied*, 515 U.S. 912 (1995) (citing *Southwest Airlines v. Texas Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977))).

The Magistrate Judge defined a successor in interest as one who follows another in ownership or control of property; who retains the same rights as the original owner, and with no change in substance (*citing* BLACK'S LAW DICTIONARY (8th ed. 2004)). This Court agrees with the Magistrate Judge's findings that such transfer of interest and/or ownership of property is inapplicable to the present case.

The Magistrate Judge next found that no support is present that Plaintiff Hawthorne had control of the litigation in state court because such control requires that a person have effective choice as to the legal theories and proofs to be advanced on behalf of the party to the action. *Becherer*, 193 F.3d at 423. The person who maintains control has the opportunity to obtain review. *Id.* (citing *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) (citation omitted)). Taken together, and in review of the record, the Magistrate Judge correctly found that OCRC conducted an investigation; filed the suit in its name; and authorized the Ohio

---

[1](...continued)
107 Ohio App.3d 407, 413 (Ohio Ct. App. 1995). Under this test, Plaintiff Hawthorne clearly is in privity with the plaintiffs in the state court case, as their interests are so closely identified that they represent the same legal right – seeking damages against the common defendants to be awarded to Hawthorne.

Attorney General to advance issues raised by Plaintiff Hawthorne. The Magistrate Judge concluded, because OCRC has failed to demonstrate that Plaintiff Hawthorne dictated in any way how the claims were developed or prosecuted, Plaintiff Hawthorne did not have the effective and necessary choice as to the legal theories and proofs advanced on his behalf. Doc. 88, at 8.

The third and final category in determining privity turns on the question of whether OCRC adequately or virtually represented Plaintiff Hawthorne's claims, pursuant to "an express or implied legal relationship in which parties to the first suit are accountable to nonparties who file a subsequent suit raising identical issues." *Benson and Ford, Inc.*, 833 F.3d at 1175. The Magistrate Judge correctly observed that Plaintiff Hawthorne may have been afforded such adequate representation in one of two instances: (1) either he had the power to hold OCRC legally accountable; or (2) he acquiesced in some form to being represented by OCRC. *Bittinger*, 123 F.3d at 887 (citing *Becherer*, 43 F.3d at 1070).

Despite Plaintiff's denials of an agreement, Hawthorne and OCRC did enter into a contract to resolve his insurance discrimination issues. Hawthorne signed a charge under oath with HUD, agreeing to set in motion the applicable procedures that included administrative processes within HUD and the possibility of litigation in a court of general jurisdiction. When the case did end up in court, Hawthorne was represented by counsel and participated in discovery. The state complaint directed compensatory and punitive damages awarded, if any, to be made to Plaintiff Hawthorne. The Magistrate Judge correctly determined that the parties shared the same interest in resolving those issues, because there was an agreement that they would share in any recovery. As a result, the R&R properly determined that Plaintiff Hawthorne is bound by the decision of the state court because he was in privity with OCRC by adequate representation. Therefore, the issues presented

6

to the state court as to Hawthorne individually as a plaintiff are precluded in subsequent litigation, including the litigation before this Court.

### B. The FHA

Having determined that the Magistrate Judge properly extended the legal principles of *res judicata* to preclude Plaintiff Hawthorne from pursuing his own claim in federal court after the same issue was decided on its merits at the state level, the Court notes that Plaintiff Hawthorne alternatively argued to the Magistrate Judge that his rental property is entitled to the protections of the FHA. Defendants countered that Plaintiff's property is of a commercial nature, and as such, not under the purview of protection afforded by the FHA. Plaintiff maintained that because neither he nor his tenants used the Jeannette Avenue property at issue in this case as a "commercial venture," the judgment on the pleadings for this alternative theory must be denied. Doc. 71, at 16. The parties did not object to the Magistrate Judge's determination that the FHA need not be addressed. Likewise, this Court need not make a determination on this issue because it holds clearly that Hawthorne is precluded from being a party to the claims in this Court based on principles of *res judicata*.

## IV. Conclusion

For the reasons discussed herein, this Court adopts the Magistrate Judge's R&R (Doc. 88). Defendants' motion for judgment on the pleadings is hereby granted with regard to Plaintiff Hawthorne (Doc. 58).

IT IS SO ORDERED.

                                                    s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE